## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. |
| v. | : | |
| ARAYOS, LLC d/b/a DIAMONDS, and ROSCOE WITHAM, | : | |
| Defendants. | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Kinsale Insurance Company, by and through its attorneys, Kennedys CMK LLP and Rudman Winchell, hereby brings this Complaint for Declaratory Judgment against Defendants Arayos, LLC d/b/a Diamonds and Roscoe Witham, and states as follows:

### THE PARITES

1. Plaintiff in this action is Kinsale Insurance Company ("Kinsale"), which is a foreign insurance company incorporated in Arkansas with its principal place of business located in Richmond, Virginia.

2. Defendant Arayos, LLC d/b/a Diamonds ("Arayos") is a limited liability corporation whose members are each citizens of Maine.

3. At all relevant times, Arayos operated a nightclub located at 190 Harlow Street, Bangor, Maine 04401.

4. Defendant Roscoe Witham is an adult individual who is a resident of Carmel, Maine.

### JURISDICTION AND VENUE

5. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

1

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in the District of Maine pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in the District of Maine.

## NATURE OF THE ACTION

8. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201. In this action, Kinsale seeks a determination of its rights and obligations under a commercial general liability policy issued to Arayos with respect to an underlying personal injury action pending against Arayos in state court in Maine.

## THE KINSALE POLICY

9. Kinsale issued the commercial general liability policy, No. 0100037870-1, to Arayos for the policy period beginning on April 19, 2017 to April 19, 2018 (the "Kinsale Policy" or "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.

10. The Policy provides commercial general liability coverage to Arayos in the amount of $1 million per occurrence and $2 million in the aggregate.

11. The Insuring Agreement of the Policy provides the following, in relevant part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion,

      investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

      **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

Exhibit A at KIC0000005.

    12.    The Policy further contains the following exclusions, as modified by the Assault and Battery Endorsement and Liquor Liability Endorsement:

  **2.** Exclusions

    This insurance does not apply to:

    **a. Expected or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

*   *   *

    **c. Liquor Liability**

    "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

    (1) Causing or contributing to the intoxication of any person;
    (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

      (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

Exhibit A at KIC0000006.

13. In addition, the Policy defines "bodily injury" and "occurrence" as follows:

**SECTION V – DEFINITIONS**

\*     \*     \*

**1.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*     \*     \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Exhibit A at KIC0000017-18.

14. The Policy contains an Assault and Battery Endorsement, which modifies coverage under the Policy and provides as follows:

**EXCLUSION - ASSAULT AND BATTERY**

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:

1. The prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contact, or threat;

2. The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat;

3. The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, harmful or offensive contact, or threat;

4. Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

5. The reporting or failing to report to the proper authorities;

      6. Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat;

      7. Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been an assault, battery, harmful or offensive contact, or threat;

      8. Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

      9. The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items 1. through 8. above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" regardless of whether assault, battery, harmful or offensive contact, or threat is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, harmful or offensive conduct.

Exhibit A at KIC0000043.

    15. The Policy also excludes coverage for punitive damages pursuant to the terms of the following endorsement, which provides:

### EXCLUSION - PUNITIVE DAMAGES

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for any punitive or exemplary damages, fines or penalties arising out of "bodily injury", "property damage" or "personal and advertising injury".

Exhibit A at KIC0000050.

    16. Further, the Policy provides no coverage for medical payments, pursuant to the following endorsement:

### EXCLUSION - MEDICAL PAYMENTS

> SECTION I – COVERAGES, COVERAGE C – MEDICAL PAYMENTS
> and all references to it are deleted in their entirety and not replaced.

Exhibit A at KIC0000044.

### THE ASSAULT AND BATTERY INCIDENT AND THE UNDERLYING ACTION

17. On February 16, 2018, Arayos forwarded to Kinsale correspondence dated January 19, 2018 from an attorney representing Roscoe Witham, in which Mr. Witham's attorney asserted that Mr. Witham had been injured as a result of having been assaulted at Arayos' business premises, *i.e.,* "the Diamond Club", on December 30, 2017. A true and correct copy of the January 19, 2018 letter from Mr. Witham's attorney is attached hereto as **Exhibit B**.

18. By letter dated March 5, 2018, Kinsale initially disclaimed coverage to Arayos for the December 30, 2017 assault described in the January 19, 2018 correspondence pursuant to the Assault and Battery Exclusion of the Policy noted above. A true and correct copy of Kinsale's March 5, 2018 disclaimer letter is attached hereto as **Exhibit C**.

19. On or about October 25, 2021, Roscoe Witham subsequently commenced an action against Arayos captioned as Roscoe Witham vs. Arayos, LLC, No. PENSC-CIV-2021-00127, pending before the Penobscot Superior Court for the State of Maine (the "Underlying Action"). A true and correct copy of the original Summons and Complaint in the Underlying Action is attached hereto as **Exhibit D**.

20. In the original Complaint, Witham alleged, *inter alia*, that on December 30, 2017, after he was asked to leave Arayos' "Diamond Club" premises, while waiting outside, he was "injured by an employee or employees of Defendant [Arayos]." *See* Original Complaint, **Exhibit D**, at ¶ 5.

21. Witham asserted a negligence count against Arayos in the original Complaint in which he alleged that Arayos breached a duty of care owed to him "by exercising unreasonable force against him." *See* Original Complaint, **Exhibit D**, at ¶ 9.

22. In the original Complaint, Witham also asserted a second count against Arayos for negligent hiring and supervision. *See* Original Complaint, **Exhibit D**, at ¶¶ 11-15.

23. Arayos reported the original Complaint to Kinsale on or about November 5, 2021.

24. By letter dated November 15, 2021, Kinsale disclaimed coverage for the original Complaint under the Policy pursuant to, *inter alia,* the Assault & Battery Exclusion of the Policy. A true and correct copy of Kinsale's November 15, 2021 correspondence to Arayos is attached hereto as **Exhibit E**.

25. On or about April 11, 2022, Witham filed an Amended Complaint in the Underlying Action. A true and correct copy of the Amended Complaint is attached hereto as **Exhibit F**.

26. The Amended Complaint in the Underlying Action removed all of the references to "assault" and "unreasonable force" previously asserted in the original Complaint and in the January 19, 2018 correspondence from Witham's attorney describing the incident giving rise to the Underlying Action.

27. Instead, the Amended Complaint alleges only that "Witham was injured while on the premises of the Diamond Club as a result of actions taken by an employee or employees of the Diamond Club." *See* Amended Complaint, **Exhibit F**, at ¶ 5.

28. Count I of the Amended Complaint asserts a cause of action against Arayos for negligence and avers that Arayos breached a duty of care owed to Witham "through the actions of its employee or employees." *See* Amended Complaint, **Exhibit F**, at ¶ 8.

29. Count II of the Amended Complaint repeats a cause of action against Arayos for "Negligent Hiring/Supervision" and avers that Arayos breached a duty to "hire and supervise employees in a reasonable manner" by "failing to exercise reasonable care in when it hired the employee(s) who injured Witham." *See* Amended Complaint, **Exhibit F**, at ¶ 13.

30. Arayos subsequently reported the Amended Complaint to Kinsale.

31. Upon evaluation of the Amended Complaint, Kinsale issued a reservation of rights letter, dated April 18, 2022, advising Arayos that it would provide a defense to Arayos in connection with the Underlying Action subject to a full reservation of all of Kinsale's rights and defenses under the Policy and applicable law. A true and correct copy of Kinsale's April 18, 2022 reservation of rights letter is attached hereto as **Exhibit G**.

32. In its April 18, 2022 reservation of rights letter, Kinsale expressly reserved, among other rights and defenses, its right to disclaim defense and indemnity coverage for the Underlying Action pursuant to the Assault and Battery Exclusion in the Policy quoted above. *See* Kinsale's April 18, 2022 Correspondence, **Exhibit G**.

33. Kinsale now seeks a declaration that it has no further obligation to defend and no obligation to indemnify Arayos in connection with the Underlying Action pursuant to the Policy.

### REQUEST FOR DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201

### Count I – Assault and Battery Exclusion

34. Kinsale incorporates herein by reference the allegations set forth in the preceding paragraphs as if the same were fully set forth at length herein.

35. The Policy contains an Assault and Battery Exclusion, which modifies coverage under the Policy and provides as follows:

**EXCLUSION - ASSAULT AND BATTERY**

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:

1. The prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contact, or threat;

3. The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat;

3. The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, harmful or offensive contact, or threat;

4. Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

5. The reporting or failing to report to the proper authorities;

6. Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat;

7. Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been an assault, battery, harmful or offensive contact, or threat;

8. Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

9. The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items 1. through 8. above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" regardless of whether assault, battery, harmful or offensive contact, or threat is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, harmful or offensive conduct.

Exhibit A at KIC0000043 ("the Assault and Battery Exclusion").

36. The original Complaint in the Underlying Action alleged that plaintiff Witham sustained serious injuries and resulting emotional distress as a result of the employee's or employees' use of unreasonable force against Witham in an incident purportedly occurring on December 30, 2017. *See* **Exhibit D** at ¶¶ 8-9.

37. Further, in pre-suit correspondence, dated January 19, 2018, Witham's counsel describe the December 30, 2017 incident as an assault and battery.

38. All of the causes of action asserted in the Amended Complaint in the Underlying Action arise out of, are related to, or involve the same incident purportedly occurring on December 30, 2017 that was previously described in the original Complaint in the Underlying Action and in the January 19, 2018 correspondence from Witham's counsel.

39. All of the causes of action asserted against Arayos in the Amended Complaint arise out of, are related to, or involve an actual or alleged assault, battery, harmful or offensive contact, or threat that purportedly occurred on December 30, 2017.

40. Accordingly, the Underlying Action arises out of, is related to, and involves an actual or alleged assault, battery, harmful or offensive contact, or threat within the meaning of the Assault and Battery Exclusion to the Policy.

41. The Complaint and Amended Complaint each also assert causes of action relating to Arayos's negligent hiring, supervision, and training of its employee(s) who allegedly used unreasonable force and caused Witham's injuries. *See* **Exhibits D** and **F**.

42. The Assault and Battery Exclusion precludes coverage for "any claim or 'suit' for 'bodily injury', 'property damage' or 'personal and advertising injury' arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked." *See* **Exhibit A** at KIC0000043.

10

43. The Assault and Battery Exclusion also precludes coverage for, *inter alia,* "Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever." *See* **Exhibit A** at KIC0000043.

44. The Assault and Battery Exclusion also excludes coverage for allegations of "negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured […]." *See* **Exhibit A** at KIC0000043.

45. Therefore, the Assault and Battery Exclusion of the Policy excludes coverage for all of the causes of action asserted against Arayos in the Underlying Action.

46. As a result, the Policy provides no defense and indemnity coverage for the Underlying Action.

47. Consequently, Kinsale has no further duty to defend Arayos in connection with the Underlying Action.

48. Furthermore, Kinsale also has no duty to indemnify Arayos for any damages awarded in connection with the Underlying Action.

**WHEREFORE**, Kinsale seeks a judgment declaring that it has no duty under the Policy to defend and/or indemnify Arayos in connection with the causes of action asserted against it in the Underlying Action, and that Kinsale may withdraw the defense it is currently providing to Arayos in the Underlying Action, which Kinsale is currently providing under a full reservation of Kinsale's rights and defenses under the Policy and the applicable law.

### Count II – No Occurrence

49. Kinsale incorporates herein by reference the allegations set forth in the preceding paragraphs as if the same were fully set forth at length herein.

50. The Policy provides coverage for, *inter alia,* "bodily injury" caused by an "occurrence."

51. The Policy states as follows, in pertinent part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**3. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

      **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

Exhibit A at KIC0000005.

52. The term "occurrence" is defined as:

**SECTION V – DEFINITIONS**

*   *   *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Exhibit A at KIC0000018.

53. Witham's alleged injuries in the Underlying Action were the result of an employee's or employees' non-accidental and intentional conduct.

54. The injuries alleged in the Amended Complaint in the Underlying Action were not caused by an "occurrence," as that term is defined in the Policy.

55. None of the causes of action asserted against Arayos in the Underlying Action fall within the Insuring Agreement of the Policy.

56. Kinsale therefore has no duty to defend or indemnify Arayos in connection with the causes of action asserted in the Underlying Action.

**WHEREFORE**, Kinsale seeks a judgment declaring that it has no duty under the Policy to defend and/or indemnify Arayos in connection with the causes of action asserted against it in the Underlying Action, and that Kinsale may withdraw the defense it is currently providing to Arayos in the Underlying Action, which Kinsale is currently providing under a full reservation of Kinsale's rights and defenses under the Policy and the applicable law.

## Count III – Expected or Intended and Liquor Liability Exclusions

57. Kinsale incorporates herein by reference the allegations set forth in the prceding paragraphs as if the same were fully set forth at length herein.

58. The Policy contains the following exclusions as modified by the Assault and Battery Endorsement and Liquor Liability Endorsement:

4. Exclusions

    This insurance does not apply to:

    **b. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

* * *

c. **Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;
(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

Exhibit A at KIC0000006.

59. Exclusion 4(b) above, "Expected or Intended Injury", precludes defense and indemnity coverage for all of the causes of action against Arayos in the Underlying Action to the extent that Witham's alleged injuries were expected or intended from the standpoint of Arayos.

60. Exclusion 4(c) above, "Liquor Liability", precludes defense and indemnity coverage for all of the causes of action against Arayos in the Underlying Action to the extent that Arayos' asserted liability for Witham's injuries is by reason of (1) causing or contributing to the intoxication of any person; (2) the furnishing of alcoholic beverages to a person under the influence of alcohol; or (3) any statute, ordinance, or regulation relating to the sale, gift distribution or use of alcoholic beverages.

61. Thus, Kinsale has no duty to defend or indemnify Arayos in connection with the Underlying Action to the extent either Exclusion 4(b), "Expected or Intended Injury", or Exclusion 4(c), "Liquor Liability", applies to the causes of action asserted in the Underlying Action.

**WHEREFORE**, Kinsale seeks a judgment declaring that it has no duty under the Policy to defend and/or indemnify Arayos in connection with the causes of action asserted

14

against it in the Underlying Action, and that Kinsale may withdraw the defense it is currently providing to Arayos in the Underlying Action, which Kinsale is currently providing under a full reservation of Kinsale's rights and defenses under the Policy and the applicable law.

## **Request For Declaratory Relief**

62. Kinsale incorporates herein by reference the allegations set forth in the preceding paragraphs as if the same were fully set forth at length herein.

63. An actual and justiciable controversy exists concerning the rights and obligations of the parties under the Kinsale Policy at issue with respect to the Underlying Action.

64. All parties have a claim or interest in the outcome of the declaratory relief sought by this action.

65. The damages and injuries alleged in the Underlying Action are excluded from coverage under the Policy by the Assault and Battery Exclusion of the Policy.

66. Additionally, Mr. Withman's alleged injuries were not caused by an "occurrence" as required by the Insuring Agreement of the Policy.

67. There is no coverage for the Underlying Action because either the Expected or Indented Injury exclusion or the Liquor Liability exclusion applies to preclude coverage for the Underlying Action under the Policy.

68. Kinsale is entitled to a declaration that it has no duty to continue to defend Arayos for the causes of action asserted in the Underlying Action.

69. Kinsale is also entitled to a declaration that it has not duty to indemnify Arayos in connection with the Underlying Action.

**WHEREFORE**, Plaintiff, Kinsale, hereby demands judgment declaring as follows:

a. A declaratory judgment that Kinsale has no further obligation to defend Arayos in connection with the Underlying Action;

b. A declaratory judgment that Kinsale has no obligation to indemnify Arayos in connection with the Underlying Action; and

c. Such other further relief as this Court deems just and proper in this action.
70.

Dated:   July 22, 2022

                        Respectfully Submitted,

BY:   /s/ Allison A. Economy, Esq. #5336
      Allison A. Economy, Esq.
      Rudman Winchell
      84 Harlow Street
      Bangor, Maine 04401
      (207) 947-4501

      Sean Mahoney, Esq. *Pro Hac Vice Forthcoming*
      Kelsey Knish, Esq. *Pro Hac Vice Forthcoming*
      Kennedys CMK LLP
      1600 Market Street
      Suite 1410
      Philadelphia, PA 19103
      (267) 479-6700
      (215) 665-8475 (fax)

      *Attorneys for Plaintiff*
      *Kinsale Insurance Company*